# Exhibit 1

Monica Sullivan
10410 Cascade Run Ct.
Owings Mills, MD 21117

     *on her own behalf and on*
     *behalf of all others similarly*
     *situated,*

           Plaintiff,

       v.

YES Energy Management, Inc.
9910 Federal Drive, Suite 100
Colorado Springs, CO 80921
**Serve on**:
YES Energy Management, Inc., c/o
CSC-Lawyers Incorporating
Service Company
7 St. Paul Street, Suite 820
Baltimore, MD 21202

           Defendant.

In the Circuit Court for

Montgomery County

Case No. _____

Case: 487489
NEW CASE
CV CLERK FEE~          80.00
MD LEGAL SERV          55.00
RTF-NEW CASE           30.00
TOTAL                 165.00
Ref# MODA    Rcp# A 67495
HAR    TAK    Blk # 204
Oct 04, 2021         03:09 PM

2021 OCT -4  PM 1:02
FILED
CLERK OF COURT
CLERK'S OFFICE
MONTGOMERY CO.

## Class Action Complaint and Demand for Jury Trial

### Introduction

1.     Plaintiff Monica Sullivan ("Plaintiff" or "Ms. Sullivan"), on behalf of herself and all others similarly situated, sues Defendant YES Energy Management, Inc. ("YES Energy") on a class-action basis.

2.     This Compaint challenges YES Energy's unlawful activity as a collection agency in Maryland, when it does not have the collection agency license required under the Maryland Collection Agency Licensing Act, Md. Code Ann., Bus. Reg. §§ 7-101 *et seq.* ("MCALA"). YES Energy's unlawful collection agency activity damaged Plaintiff and the Class. Among other things, YES Energy actually collected or

solicited from Plaintiff and other Class members extra charges every month which were imposed to pay YES Energy *for* its unlawful collection agency activity. When Plaintiff and Class members were forced to pay for the unlawful collection activity YES Energy directed at them, they were damaged.

3.     YES Energy acts as a collection agency for residential landlords in Maryland, and contracts to directly and indirectly assist these third-party landlords to collect charges for consumer claims from tenants, including charges denominated as for water and other charges.

4.     YES Energy's core business is to act as a collection agency.

5.     YES Energy collected or solicited consumer claims from Plaintiffs and other members of the Class defined below, for charges purportedly owed to third party landlords. For example, YES Energy, on a monthly basis, collected or solicited from Plaintiff and other Class members charges for consumer claims like Base Rent, Trash Recovery, Late Fee, Court Costs, and Water Charge. In addition to those charges, YES Energy also collected or solicited from Plaintiff and other Class Members additional fees which were imposed to pay for YES Energy's unlawful collection activity.

6.     YES Energy has a business practice of sending dunning communications to consumer debtors. For example, in its normal course of business, YES Energy sent monthly communications to Plaintiff and other Class members demanding payment of charges for consumer claims like Base Rent, Trash Recovery, Late Fee, Court Costs, and Water Charge, and additional fees which were imposed to pay for YES

2

Energy's unlawful collection activity.

7.     YES Energy collects and solicits consumer claims on behalf of third parties. For example, YES Energy sent monthly communications to Plaintiff demanding payment of charges for consumer claims like Base Rent, Trash Recovery, Late Fee, Court Costs, and Water Charge on behalf of the landlords of Plaintiff and the Class.

8.     YES Energy used, for collection of consumer claims from Plaintiff and Class members, a series or system of forms or letters that indicated, directly or indirectly, that a person other than the owner was asserting the consumer claims. For example, YES Energy's monthly bills asserted consumer claims against Plaintiff, demanding payment of charges for consumer claims like Base Rent, Trash Recovery, Late Fee, Court Costs, and Water Charge, and additional fees which were imposed to pay for YES Energy's unlawful collection activity. These monthly bills to Plaintiff and other Class members bore the "YES Energy" logo and address prominently and included a "Due Date" and "Amount Due," and included a "YES Customer Service" telephone number and E-mail address.

9.     YES Energy employed the services of an individual or business to solicit or sell a collection system to be used for collection of consumer claims from Plaintiff and other Class memberw. For example, YES Energy used the services of its individual employees to sell, to the landlords of Plaintiff and other Class members, YES Energy's collection system, including the monthly bills it sent to Plaintiff and other Class members, to be used for collection of charges for consumer claims like Base Rent, Trash Recovery, Late Fee, Court Costs, and Water Charge, and additional fees which

3

were imposed to pay for YES Energy's unlawful collection activity.

10.     But YES Energy does not have a license to act as a collection agency in Maryland, which is required by MCALA for, *inter alia*, any entity that directly or indirectly collects or solicits collection of consumer debts on behalf of a third-party.

11.     Accordingly, YES Energy is not permitted to act as a collection agency, and may not engage in the collection activity described in this Complaint – including billing Plaintiff and the Class to induce them to pay debts, or otherwise directly or indirectly seek to collect debts allegedly owed by Plaintiff and the Class to their landlords, or to engage in the other activity regulated by MCALA.

12.     The collection agency activity YES Energy directed at Plaintiff and the Class, which included methods of debt collection including sending bills to Plaintiff and the Class demanding payment, claimed, attempted and threatened to enforce a right which YES Energy knew did not exist.

13.     YES Energy had no right to attempt to collect debts allegedly owed by Plaintiff and the Class to their residential landlords, or to engage in the other collection agency activity regulated by MCALA, because YES Energy does not have a license to act as a collection agency in Maryland. YES Energy's collection activity in Maryland directed to Plaintiff and the Class was illegal.

14.     Each of YES Energy's bills to Plaintiff and Class members included an extra "Administration Fee."

15.     This fee was charged to Plaintiff and Class members to pay YES Energy for its collection agency activity directed at Plaintiff and the Class, activity which was

illegal and which was perpetrated illegally by YES Energy; illegal services for which YES Energy forced Plaintiff and the Class to pay.

16.   Plaintiff and Class members were damaged by the Administration Fees imposed in the YES Energy bills, among other things.

17.   Plaintiff and Class members, for example, have been saddled with an alleged obligation to pay those Administration Fees, even though the supposed service for which the fee was charged is illegal, and the fee is uncollectible and should not be assessed against Plaintiff and the Class.

18.   Accordingly, Plaintiff brings claims on behalf of a Class that consists of:

> All persons to whom YES Energy sent a bill, concerning a Maryland residence, which included an Administration Fee, within three years prior to the filing of this Complaint.

19.   Excluded from the Class are all employees, officers and directors of YES Energy and its parent or subsidiary companies and predecessors and successors, and all employees of the Court.

## YES Energy's Collection Agency Activity

20.   YES Energy sent monthly, computer-generated bills to Plaintiff, titled in the name of YES Energy, derived from form templates, demanding that Plaintiff pay amounts denominated as for numerous charges – including for "Base Rent," "Trash Recovery," "Late Fee," "Court Costs," "Administration Fee," and "Water Charge."

21.   YES Energy's bills to Plaintiff and Class Members demanded payment of these charges by a "due" date.

22.   YES Energy's form bills to Plaintiff and Class Members told Plaintiff and

Class Members to "please detach and  return" the "stub" of the bill "with your payment." These "stubs" prominently include the YES Energy Management name, logo, address, and "YES Customer Service" number.

23.     The bills that YES Energy sent to Plaintiff and the Class involved consumer claims under MCALA §7-101(f), as the bills sought payment of money owed or said to be owed by a resident of the State, and arose from transactions in which, for family, household, or personal purposes, the resident sought or got credit, money, personal property, real property, or services. In particular, the bills that YES Energy sent to Plaintiff and Class members concerned alleged debts which arose from consumer water, rent, and other services provided to residential tenants in connection with their residential tenancies.

24.     YES Energy's business in Maryland, including its activities in its dealings with Plaintiff and Class members, is the business of 1) collecting for landlords, and soliciting from tenants, payments for consumer claims; as well as 2) giving, selling, attempting to give or sell to landlords, and using, for collection of those consumer claims, a series or system of forms or letters that indicate directly or indirectly that a person other than the owner is asserting the consumer claim; and, 3) employing the services of an individual or business to solicit or sell a collection system to be used for collection of those consumer claims. *See* MCALA §7-101(d).

25.     In particular, YES Energy sent bills to Plaintiff and each Class member demanding payment of amounts allegedly due to third-party landlords, including charges denominated as, for example, "Base Rent," "Trash Recovery," "Late Fee,"

"Court Costs," and "Water Charge." Although YES Energy was collecting these charges on behalf of the landlord, and soliciting those charges from the Plaintiff and each Class member on behalf of the landlord, the bills by YES Energy to Plaintiff and each Class member indicated that the bills were from YES Energy. YES Energy employed numerous persons to market and sell to landlords its utility collection system, which YES Energy used to send the bills at issue to Plaintiff and Class members.

26.     YES Energy's advertising confirms its regular business as a collection agency.

27.     YES Energy's bills to Plaintiff and the Class were intended to collect consumer debts from Plaintiff and the Class, and resulted in collection of alleged consumer debts from Plaintiff and the Class – including utility charges allegedly due to their landlords.

28.     In connection with its collection activities directed to Plaintiff and the Class, an Administration Fee was imposed on Plaintiff and the Class to pay for YES Energy's illegal collection agency activity. For example, a $3.00 Administration Fee was charged in YES Energy bills directed to Plaintiff, multiple times. These additional Administration Fees were imposed and charged in order to pay YES Energy for its illegal collection agency activity, were uncollectible fees because they were imposed to pay for illegal activity, and the payment of those fees was caused by YES Energy's unlawful collection agency activity. These additional Administration Fees damaged Plaintiff and the Class Members.

7

29.    These Administration Fees were not based upon the amount of any utility or other service consumed or used at Plaintiff's or Class members' residences – rather, the service fees were fees imposed on Plaintiff and Class members to pay YES Energy for its unlicensed collection activity.

30.    By undertaking its activities in allocating and billing alleged "utilities" to residential tenants like Plaintiff, YES Energy is engaged in "collecting for, or soliciting from another, a consumer claim," Md. Code Ann., Bus. Reg. § 7-101(d)(1)(i), and is a collection agency under Maryland law.

31.    YES Energy also fits the definition of a "collection agency" under Maryland law because it is engaged in "giving, selling, attempting to give or sell to another, or using, for collection of a consumer claim, a series or system of forms or letters that indicates directly or indirectly that a person other than the owner is asserting the consumer claim." Md. Code Ann., Bus. Reg. § 7-101(d)(2).

32.    For example, YES Energy's bills are forms or letters which each are titled in the name of YES Energy.

33.    YES Energy gave and sold and used a series or system of forms or letters, such as YES Energy's bills which were sent to Plaintiff and Class members, which directly or indirectly indicated that YES Energy was asserting consumer claims against Plaintiff and Class members.

34.    YES Energy also fits the definition of a collection agency under Maryland law because it "employ[s] the services of an individual or business to solicit or sell a collection system to be used for collection of a consumer claim." MCALA § 7-101(d)(4).

8

35.    For example, YES Energy employs the services of individuals to sell, to multifamily housing owners, its collection system for collection of residential tenants' charges, listed in YES Energy's bills to Plaintiff and Class Members, as well as service fees. For example, the landlords of Plaintiff and each Class Member purchased or licensed or otherwise acquired, in exchange for consideration, YES Energy's collection system which resulted in the computer generated bills sent to Plaintiff and each Class member.

36.    YES Energy is not related by common ownership with any of the landlords on whose behalf YES Energy engages in collection agency activity in Maryland. YES Energy has never owned the claims for payment of rent, trash recovery, late fees, court costs, water charges, or other utility charges that it has billed to Plaintiff or other residential tenants in Maryland.

37.    YES Energy is in the business of, and dedicated to, the collection, directly or indirectly, of consumer debts including alleged rent and utilities from residential tenants for its landlord customers.

38.    YES Energy advertises that its services result in the collection of charges for utilities.

39.    The entire purpose of YES Energy's utility billing business is to induce tenants to pay for alleged amounts allegedly owed to third-party landlords.

40.    YES Energy intended to induce Plaintiff and Class members to pay alleged amounts due to third-party landlords through its billing practices and the actions described in this Complaint.

9

41.     Indeed, YES Energy's utility collection system worked as a collections process. YES Energy sent bills to Plaintiff and each and every Class Member to collect alleged utility charges. Plaintiff and Class members paid amounts alleged to be due on those bills, because of the bills YES Energy sent.

42.     As a result of YES Energy's illegal collection agency activity, Plaintiff and Class members faced an alleged obligation to pay Administration Fees, and other fees, and paid those fees.

43.     YES Energy collected and sought to directly and indirectly collect consumer debt from Plaintiff, and from other Class members, by taking actions including but not limited to using a collection system which obtained data concerning the total amount of alleged water or other utilities consumed by multiple residential units, calculated and allocated alleged utility charges to residential units, generated bills to Plaintiff and other Class Members, and sent correspondence to tenants demanding payment of allegedly due rent and utility and other charges, and service fees.

44.     YES Energy's business in Maryland is dedicated to the collection of alleged amounts due resulting from residential tenancies through bills like the ones sent to Plaintiff and the Class.

**YES Energy Is Not Licensed to Act as a Collection Agency in Maryland**

45. YES Energy could not legally engage in the collection activity described in this Complaint because it is not licensed as a collection agency under MCALA.

46. In particular, MCALA requires any person doing business as a "collection

10

agency" in the State to have a license. *See* MCALA § 7-301(a). MCALA affirmatively forbids any person who is not licensed from acting as a collection agency. *See* MCALA § 7-401(a).

47. When YES Energy directly and indirectly collected and sought to collect money from Plaintiff and Class members, and otherwise engaged in the activity described in this Complaint, it was acting as a "collection agency" within the meaning of MCALA.

48. Specifically, the alleged utility charges and Administration Fees which YES Energy sought to collect from Plaintiff and members of the Class are "consumer claims" under MCALA, because each such claim is for money owed or said to be owed by a resident of the State, and arises from a transaction in which, for a family, household, or personal purpose (i.e., personal residence), the resident sought or got credit, money, personal property, real property, or services. *See* MCALA § 7-101(f).

49. Accordingly, when YES Energy directly and indirectly collected and sought to collect or solicit from Plaintiff and Class Members amounts allegedly due to their landlords, amounts which arose from their lease of residential real property, YES Energy was "collecting for, or soliciting from another, a consumer claim." Md. Code Ann., Bus. Reg. § 7-101(d)(1)(i).

50. Through its actions in billing and attempting to collect consumer debt from Plaintiff and Class Members, YES Energy was also "giving, selling, attempting to give or sell to another, or using, for collection of a consumer claim, a series or system of forms or letters that indicates directly or indirectly that a person other than the

11

owner is asserting the consumer claim." Md. Code Ann., Bus. Reg. § 7-101(d)(2).

51.    In addition, YES Energy contracted to sell its billing system to collect consumer debt from Maryland residents, thus "employing the services of an individual or business to solicit or sell a collection system to be used for collection of a consumer claim." Md. Code Ann., Bus. Reg. § 7-101(d)(4).

52. Although YES Energy is, and at all times relevant to this Complaint was, a collection agency within the meaning of MCALA, it does not have a Maryland license to act as a collection agency, as required by MCALA.

53. YES Energy unlawfully undertook actions in violation of MCALA in its dealings with Plaintiff and Class members, including directly and indirectly collecting and attempting to collect consumer claims by allocating and assessing rent, alleged utility charges, and other fees; by generating correspondence demanding payment of alleged rent, allocated utility charges, and other fees; and by undertaking other actions, all without being licensed as a collection agency as required by Maryland law.

54. The Administration Fees and account set up fees assessed by YES Energy against Plaintiff and Class Members are unlawful because they are charged to pay YES Energy for undertaking its unlawful actions as a collection agency in violation of Maryland law.

55. YES Energy's method of business in Maryland, in acting as a collection agency, when YES Energy was not licensed as a collection agency, damaged Plaintiff and other Class Members. For example, Plaintiff and other members of the Class

faced an alleged obligation to pay account set-up and "Administration Fees" as a direct and proximate result of, and for, YES Energy's collection activity, even though that activity was against the law and no fees should have been assessed to Plaintiff and other Class Members for YES Energy's illegal business practices, directed at them.

56.     Neither YES Energy nor anyone else is entitled to assess, charge or collect any Administration Fees or account set up fees, for YES Energy's actions in violation of Maryland law. These fees, which are imposed to pay YES Energy for its collection activity, when YES Energy was not licensed as a collection agency and was not licensed to engage in utility billing or any other consumer debt collection activity, are unlawful and damaged Plaintiff and Class Members when those fees were assessed on their accounts, and Plaintiff and Class Members faced an alleged obligation to pay those fees. Plaintiff and Class Members' payment of these fees also damaged them.

57.     YES Energy is not entitled to be paid for undertaking an unlawful course of business in Maryland, and Plaintiff and Class Members should not face an alleged obligation to pay the unlawful charges assessed for YES Energy's unlawful conduct. The Administration Fees charged to Plaintiff and the Class were imposed to pay YES Energy for its unlawful, unlicensed business in seeking to collect alleged consumer debts from them, and damaged Plaintiff and the Class.

58.     MCALA's prohibition against persons doing business as a collection agency without a license is designed to protect the interests of consumer debtors like Plaintiff and the Class who are subjected to collection activity by collection agencies and to

prohibit collection agencies from using abusive and unfair debt collection practices against them. In its transactions with Plaintiff and the Class, YES Energy uniformly and systematically failed to comply with, and violated, the requirements of MCALA, and abused the consumer Plaintiff and Class members, who MCALA was enacted to protect.

59.     Moreover, by acting as a collection agency without being licensed to do so, and causing damages to Plaintiffs and the Class as a result, YES Energy engaged in multiple violations of the Maryland Consumer Debt Collection Act, Md. Code Ann., Com. Law §§ 14-201 *et seq.* ("MCDCA"). These violations include claiming, attempting, or threatening to enforce a right with knowledge that the right does not exist. *See* Md. Code Ann., Com. Law § 14-202(8).

60.     In particular, YES Energy claimed, attempted and threatened to enforce the right to act as a collection agency by engaging in collection activity and billing Plaintiff and Class members, even though it was not licensed as a collection agency, even though it knew it was not licensed as a collection agency, and even though it had no right to act as a collection agency because unlicensed collection agency activity is prohibited by Maryland law.

61.     YES Energy claimed, attempted, and threatened to enforce the right to assess fees against Plaintiff and Class Members for its actions as a collection agency, even though its actions as an unlicensed collection agency were unlawful, even though YES Energy knew it was not licensed as a collection agency, and even though YES Energy had no right to send bills charging Plaintiff and Class members amounts

14

to pay for YES Energy's unlawful collection activities.

62.     These wrongful acts by YES Energy have hurt Plaintiff and the Class Members. YES Energy's actions as a collection agency in violation of Maryland law have enriched it unfairly and illegally, and have unfairly and illegally harmed Plaintiff and the Class.

## Parties

63.     Monica Sullivan is a natural person who is a resident and citizen of the State of Maryland.

64.     YES Energy is a Colorado corporation with its principal place of business in Colorado.

## Jurisdiction and Venue

65.     This Court has subject-matter jurisdiction over this case pursuant to Md. Cts. & Jud. Proc. Code Ann. §§ 1-501 and 4-402(e)(2).   This Court has personal jurisdiction pursuant to Md. Cts. & Jud. Proc. Code Ann. §§ 6-102 and 6-103(b), as YES Energy transacts business and performs work and service in the State of Maryland, contracts to supply services in the State of Maryland, and regularly does and solicits business and engages in other persistent courses of conduct in the State of Maryland, including the business described in this Complaint.

66.     Venue is proper in this Court under Md. Cts. & Jud. Proc. Code Ann. §§ 4-402(e)(2) and 6-201, as, among other things, the amount in controversy in this case exceeds $15,000.00 and because YES Energy carries on a regular business and

habitually engages in vocation in Montgomery County, Maryland. Among other things, YES Energy directs its activity described in this Complaint to persons including residents of Montgomery County Maryland, and contracts to perform that business with respect to properties located in Montgomery County Maryland.

### Factual and Legal Allegations

### YES Energy's Actions as a Collection Agency Involving Ms. Sullivan

67.     YES Energy sent numerous monthly bills to Ms. Sullivan seeking to collect alleged charges and other fees from her, in connection with her residence at an apartment house.

68.     Each of the bills YES Energy sent to Ms. Sullivan was a form document.

69.     YES Energy repeatedly and monthly billed Ms. Sullivan, and demanded payment by a due date, of an amount due, for numerous consumer claims, including claims for "Base Rent," "Trash Recovery," "Late Fee," "court costs," "Administration Fee," and "Water Charge."

70.     For example, YES Energy sent Ms. Sullivan a bill that indicated it was from YES Energy, for alleged charges arising from her residence, with an alleged "Date Due" of November 1, 2019. This form, computer-generated bill states, next to the YES Energy Management name, logo, and address at the top of the bill, as follows: "*Please detach and return this stub with your payment*". That "stub" lists an alleged "Amount Due" of $1,502.67, and then provides a line to fill in the "Amount Enclosed" with a "$____.___" next to it. Below the stub, under "Account Detail," it lists

16

a credit "balance as of close of previous month" of -$2.18. Then, it demands payment of $1,492 for "Base Rent," $3.00 for "Trash Recovery," plus an additional "Trash Charge" of $3.00, $24.49 for "Late Fee" (despite the credit balance), $29.00 for "court costs," and $5.36 for "Water Charge." It also demands payment of a $3.00 "Administration Fee," to pay for YES Energy's illegal collection agency activity. The bill then demands additional "Lease Charges" of $1,492 for "Base Rent" and $3.00 for "Trash Recovery." The bill shows "Payments" by Ms. Sullivan during the statement period of $1,550.00, and lists a remaining amount due of $1,502.67. The bill includes the "YES Customer Service" "Daily 24 Hour Service" phone number and E-mail address, and lists "YES System Information" of a "Property ID" and a "Resident ID/Registration Code."

71.     YES Energy sent Ms. Sullivan another bill that indicated it was from YES Energy, for alleged charges arising from her residence, with an alleged "Date Due" of December 1, 2019. This form, computer-generated bill states, next to the YES Energy Management name, logo, and address at the top of the bill, as follows: "*Please detach and return this stub with your payment*". That "stub" lists an alleged "Amount Due" of $1,473.01, and then provides a line to fill in the "Amount Enclosed" with a "$____.___" next to it. Below the stub, under "Account Detail," it lists an outstanding "balance as of close of previous month" of $7.67. Then, it demands payment of $1,492 for "Base Rent," $3.00 for "Trash Recovery," plus an additional "Trash Charge" of $3.00, $14.98 for "Late Fee," $29.00 for "court costs," and $5.36 for "Water Charge." It also demands payment of a $3.00 "Administration Fee," to pay for YES Energy's

illegal collection agency activity. The bill then demands additional "Lease Charges" of $1,492 for "Base Rent" and $3.00 for "Trash Recovery." The bill shows "Payments" by Ms. Sullivan during the statement period of $1,580.00, and lists a remaining amount due of $1,473.01. The bill includes the "YES Customer Service" "Daily 24 Hour Service" phone number and E-mail address, and lists "YES System Information" of a "Property ID" and a "Resident ID/Registration Code."

72.    YES Energy sent Ms. Sullivan another bill that indicated it was from YES Energy, for alleged charges arising from her residence, with an alleged "Date Due" of January 1, 2020. This form, computer-generated bill states, next to the YES Energy Management name, logo, and address at the top of the bill, as follows: "*Please detach and return this stub with your payment*". That "stub" lists an alleged "Amount Due" of $1,501.47, and then provides a line to fill in the "Amount Enclosed" with a "$____.___" next to it. Below the stub, under "Account Detail," it lists a credit "Balance as of close of previous month" of -$21.99. Then, it demands payment of $1,492 for "Base Rent," $3.00 for "Trash Recovery," plus an additional "Trash Charge" of $3.00, $42.93 for "Late Fee" (despite the credit balance), $29.00 for "court costs," and $5.53 for "Water Charge." It also demands payment of a $3.00 "Administration Fee," to pay for YES Energy's illegal collection agency activity. The bill then demands additional "Lease Charges" of $1,492 for "Base Rent" and $3.00 for "Trash Recovery." The bill shows "Payments" by Ms. Sullivan during the statement period of $1,550.00, and lists a remaining amount due of $1,501.47. The bill includes the "YES Customer

18

Service" "Daily 24 Hour Service" phone number and E-mail address, and lists "YES System Information" of a "Property ID" and a "Resident ID/Registration Code."

73.   YES Energy sent Ms. Sullivan another bill that indicated it was from YES Energy, for alleged charges arising from her residence, with an alleged "Date Due" of February 1, 2020. This form, computer-generated bill states, next to the YES Energy Management name, logo, and address at the top of the bill, as follows: "*Please detach and return this stub with your payment*". That "stub" lists an alleged "Amount Due" of $1,499.88, and then provides a line to fill in the "Amount Enclosed" with a "$____.___" next to it. Below the stub, under "Account Detail," it lists an outstanding "Balance as of close of previous month" of $6.47. Then, it states that it is "Revers[ing]" the "Duplicate" trash charges for September, October, and November. Then, it demands payment of $1,492 for "Base Rent," $3.00 for "Trash Recovery," $44.92 for "Late Fee", $29.00 for "court costs," and $5.49 for "Water Charge." It also demands payment of a $3.00 "Administration Fee," to pay for YES Energy's illegal collection agency activity. The bill then demands additional "Lease Charges" of $1,492 for "Base Rent" and $3.00 for "Trash Recovery." The bill shows "Payments" by Ms. Sullivan during the statement period of  $1,570.00, and lists a remaining amount due of $1,499.88. The bill includes the "YES Customer Service" "Daily 24 Hour Service" phone number and E-mail address, and lists "YES System Information" of a "Property ID" and a "Resident ID/Registration Code."

74.   YES Energy sent Ms. Sullivan another bill that indicated it was from YES Energy, for alleged charges arising from her residence, with an alleged "Date Due" of

March 1, 2020. This form, computer-generated bill states, next to the YES Energy Management name, logo, and address at the top of the bill, as follows: "*Please detach and return this stub with your payment*". That "stub" lists an alleged "Amount Due" of $1,499.90, and then provides a line to fill in the "Amount Enclosed" with a "$____.___" next to it. Below the stub, under "Account Detail," it lists an outstanding "Balance as of close of previous month" of $4.88. Then, it demands payment of $1,492 for "Base Rent," $3.00 for "Trash Recovery," $52.34 for "Late Fee", $29.00 for "court costs," and $5.68 for "Water Charge." It also demands payment of a $3.00 "Administration Fee," to pay for YES Energy's illegal collection agency activity. The bill then demands additional "Lease Charges" of $1,492 for "Base Rent" and $3.00 for "Trash Recovery." The bill shows "Payments" by Ms. Sullivan during the statement period of $1,585.02, and lists a remaining amount due of $1,499.90. The bill includes the "YES Customer Service" "Daily 24 Hour Service" phone number and E-mail address, and lists "YES System Information" of a "Property ID" and a "Resident ID/Registration Code."

75.    YES Energy sent Ms. Sullivan another bill that indicated it was from YES Energy, for alleged charges arising from her residence, with an alleged "Date Due" of April 1, 2020. This form, computer-generated bill states, next to the YES Energy Management name, logo, and address at the top of the bill, as follows: "*Please detach and return this stub with your payment*". That "stub" lists an alleged "Amount Due" of $2,582.34, and then provides a line to fill in the "Amount Enclosed" with a "$____.___" next to it. Below the stub, under "Account Detail," it lists an outstanding

20

"Balance as of close of previous month" of $4.90. Then, it demands payment of $1,492 for "Base Rent," $3.00 for "Trash Recovery," $49.85 for "Late Fee", $29.00 for "court costs," and $5.59 for "Water Charge." It also demands payment of a $3.00 "Administration Fee," to pay for YES Energy's illegal collection agency activity. The bill then demands additional "Lease Charges" of $1,492 for "Base Rent" and $3.00 for "Trash Recovery." The bill shows "Payments" by Ms. Sullivan during the statement period of $500.00, and lists a remaining amount due of $2,582.34. The bill includes the "YES Customer Service" "Daily 24 Hour Service" phone number and E-mail address, and lists "YES System Information" of a "Property ID" and a "Resident ID/Registration Code."

76.    YES Energy sent Ms. Sullivan another bill that indicated it was from YES Energy, for alleged charges arising from her residence, with an alleged "Date Due" of May 1, 2020. This form, computer-generated bill states, next to the YES Energy Management name, logo, and address at the top of the bill, as follows: "*Please detach and return this stub with your payment*". That "stub" lists an alleged "Amount Due" of $2,009.59, and then provides a line to fill in the "Amount Enclosed" with a "$_____.___" next to it. Below the stub, under "Account Detail," it lists an outstanding "Balance as of close of previous month" of $87.34. Then, it demands payment of $1,492 for "Base Rent," $3.00 for "Trash Recovery," $23.97 for "Late Fee", and $5.28 for "Water Charge." It also demands payment of a $3.00 "Administration Fee," to pay for YES Energy's illegal collection agency activity. The bill then demands additional "Lease Charges" of $1,492 for "Base Rent" and $3.00 for "Trash Recovery." The bill

shows "Payments" by Ms. Sullivan during the statement period of $1,100.00, and lists a remaining amount due of $2,009.59. The bill includes the "YES Customer Service" "Daily 24 Hour Service" phone number and E-mail address, and lists "YES System Information" of a "Property ID" and a "Resident ID/Registration Code."

77.    YES Energy sent Ms. Sullivan another bill that indicated it was from YES Energy, for alleged charges arising from her residence, with a "Statement Date" of April 23, 2020, and a "Date Due" of May 1, 2020. This form, computer-generated collection statement states, next to the YES Energy Management name, logo, and address at the top of the bill, as follows: "*Please detach and return this stub with your payment*". That "stub" lists an alleged "Amount Due" of $2,009.59, and then provides a line to fill in the "Amount Enclosed" with a "$____.___" next to it. Below the stub, under "Account Detail," it lists an outstanding "Balance as of close of previous month" of $87.34. Then, it demands payment of $1,492 for "Base Rent," $3.00 for "Trash Recovery," $23.97 for "Late Fee", and $5.28 for "Water Charge." It also demands payment of a $3.00 "Administration Fee," to pay for YES Energy's illegal collection agency activity. The bill then demands additional "Lease Charges" of $1,492 for "Base Rent" and $3.00 for "Trash Recovery." The bill shows "Payments" by Ms. Sullivan during the statement period of $1,100.00, and lists a remaining amount due of $2,009.59. The bill includes the "YES Customer Service" "Daily 24 Hour Service" phone number and E-mail address, and lists "YES System Information" of a "Property ID" and a "Resident ID/Registration Code."

78.    YES Energy sent Ms. Sullivan another bill that indicated it was from YES Energy, for alleged charges arising from her residence, with a "Statement Date" of May 22, 2020, and a "Date Due" of June 1, 2020. This form, computer-generated collection statement states, next to the YES Energy Management name, logo, and address at the top of the bill, as follows: "*Please detach and return this stub with your payment*". That "stub" lists an alleged "Amount Due" of $2,031.56, and then provides a line to fill in the "Amount Enclosed" with a "$____.___" next to it. Below the stub, under "Account Detail," it lists an outstanding "Balance as of close of previous month" of $514.59. Then, it demands payment of $1,492 for "Base Rent," $3.00 for "Trash Recovery," $25.01 for "Late Fee", and $5.27 for "Water Charge." It also demands payment of a $3.00 "Administration Fee," to pay for YES Energy's illegal collection agency activity. The bill then demands additional "Lease Charges" of $1,492 for "Base Rent" and $3.00 for "Trash Recovery." The bill shows "Payments" by Ms. Sullivan during the statement period of $1,506.31, and lists a remaining amount due of $2,031.56. The bill includes the "YES Customer Service" "Daily 24 Hour Service" phone number and E-mail address, and lists "YES System Information" of a "Property ID" and a "Resident ID/Registration Code."

79.    YES Energy sent Ms. Sullivan another bill that indicated it was from YES Energy, for alleged charges arising from her residence, with a "Statement Date" of June 22, 2020, and a "Date Due" of July 1, 2020. This form, computer-generated collection statement states, next to the YES Energy Management name, logo, and address at the top of the bill, as follows: "*Please detach and return this stub with

23

your payment*". That "stub" lists an alleged "Amount Due" of $2,376.26, and then provides a line to fill in the "Amount Enclosed" with a "$_____.___" next to it. Below the stub, under "Account Detail," it lists an outstanding "Balance as of close of previous month" of $536.56. Then, it demands payment of $1,492 for "Base Rent," $3.00 for "Trash Recovery," $41.43 for "Late Fee", and $5.27 for "Water Charge." It also demands payment of a $3.00 "Administration Fee," to pay for YES Energy's illegal collection agency activity. The bill then demands additional "Lease Charges" of $1,492 for "Base Rent" and $3.00 for "Trash Recovery." The bill shows "Payments" by Ms. Sullivan during the statement period of $1,200.00, and lists a remaining amount due of $2,376.26. The bill includes the "YES Customer Service" "Daily 24 Hour Service" phone number and E-mail address, and lists "YES System Information" of a "Property ID" and a "Resident ID/Registration Code."

80.     YES Energy sent Ms. Sullivan another collection statement, demanding payment of consumer claims, that indicated it was from YES Energy, for alleged charges arising from her residence, with a "Statement Date" of July 23, 2020, and a "Date Due" of August 1, 2020. This form, computer-generated collection statement states, next to the YES Energy Management name, logo, and address at the top of the bill, as follows: "*Please detach and return this stub with your payment*". That "stub" lists an alleged "Amount Due" of $1,848.30, and then provides a line to fill in the "Amount Enclosed" with a "$_____.___" next to it. Below the stub, under "Account Detail," it lists an outstanding "Balance as of close of previous month" of $381.26. Then, it demands payment of $1,492 for "Base Rent," $3.00 for "Trash Recovery,"

$18.66 for "Late Fee", and $5.38 for "Water Charge." It also demands payment of a $3.00 "Administration Fee," to pay for YES Energy's illegal collection agency activity. The collection statement then demands additional "Lease Charges" of $1,492 for "Base Rent" and $3.00 for "Trash Recovery." The collection statement shows "Payments" by Ms. Sullivan during the statement period of $1,500.00, and lists a remaining amount due of $1,848.30. The collection statement includes the "YES Customer Service" "Daily 24 Hour Service" phone number and E-mail address, and lists "YES System Information" of a "Property ID" and a "Resident ID/Registration Code."

81.    YES Energy sent Ms. Sullivan another collection statement, demanding payment of consumer claims, that indicated it was from YES Energy, for alleged charges arising from her residence, with a "Statement Date" of August 21, 2020, and a "Date Due" of September 1, 2020. This form, computer-generated collection statement states, next to the YES Energy Management name, logo, and address at the top of the bill, as follows: "*Please detach and return this stub with your payment*". That "stub" lists an alleged "Amount Due" of $2,843.01, and then provides a line to fill in the "Amount Enclosed" with a "$____.___" next to it. Below the stub, under "Account Detail," it lists an outstanding "Balance as of close of previous month" of $353.30. Then, it demands payment of $1,492 for "Base Rent," $3.00 for "Trash Recovery," $62.27 for "Late Fee", $29.00 for "court costs," and $5.44 for "Water Charge." It also demands payment of a $3.00 "Administration Fee," to pay for YES Energy's illegal collection agency activity. The collection statement then demands

25

additional "Lease Charges" of $1,492 for "Base Rent" and $3.00 for "Trash Recovery." The collection statement shows "Payments" by Ms. Sullivan during the statement period of $600.00, and lists a remaining amount due of $2,843.01. The collection statement includes the "YES Customer Service" "Daily 24 Hour Service" phone number and E-mail address, and lists "YES System Information" of a "Property ID" and a "Resident ID/Registration Code."

82.   YES Energy subsequently sent Ms. Sullivan numerous, materially identical monthly another collection statements, demanding payment of consumer claims, that indicated they were from YES Energy, for alleged charges arising from her residence, each of which demanded payment of amounts including not only rent and associated payments allegedly due to Ms. Sullivan's landlord, but also demanding payment of a $3.00 "Administration Fee," to pay for YES Energy's illegal collection agency activity.

83.   YES Energy acted in concert with and confederated with the landlords of Plaintiff and Class members in the actions alleged in this Complaint, engaged in a conspiracy with those landlords, and aided and abetted unlawful activity. YES Energy affirmatively and voluntarily undertook to bill Plaintiff and members of the Class in an agreement and understanding with the landlords. YES Energy and each such landlord had a common design. In particular, each landlord hired and contracted with YES Energy to bill members of the Class for alleged utility charges. However, YES Energy had a duty to not seek to collect alleged utility charges and fees from Plaintiff and Class members when it did not have the license to act as a collection agency. YES Energy's unlawful and unlicensed actions caused damages to Plaintiff

and Class members, including the charges unlawfully collected from them as a result of YES Energy's activities.

84.     Unless and until this Court grants the relief Plaintiff seeks through this action, YES Energy will retain the proceeds of its unlawful activities, to the detriment of Plaintiff and the Class.

## Class Action Allegations

85.     Plaintiff brings claims on behalf of a Class that consists of:

> All persons to whom YES Energy sent a bill, concerning a Maryland residence, which included an Administration Fee, within three years prior to the filing of this Complaint.

86.     Excluded from the Class are all employees, officers and directors of YES Energy and their parent or subsidiary companies and predecessors and successors, and all employees of the Court.

87.     The Class, as defined above, is identifiable.    The proposed Class Representative, Ms. Sullivan, is a member of the Class.

88.     The Class is so numerous that joinder of all members is impracticable. The proposed Class consists of more than 40 persons.

89.     There are questions of law and fact which are not only common to the Class, but which predominate over any questions affecting only individual Class members.  The common and predominating questions for the Class include, but are not limited to:

27

(a) Whether YES Energy acted as a collection agency in its dealings with Ms. Sullivan and members of the Class;

(b) Whether YES Energy had the license necessary to act as a collection agency at the time it billed Ms. Sullivan and the members of the Class;

(c) Whether YES Energy must restore amounts paid by Ms. Sullivan and members of the Class resulting from YES Energy's allegedly unlawful billing practices, including service or "Administration" fees;

(d) Whether YES Energy's actions in its dealings with the Class violated the MCALA;

(e) Whether Plaintiff and Class members are entitled to a declaratory judgment that YES Energy must be licensed as a collection agency under MCALA in connection with its collection activities directed at Maryland tenants;

(f) Whether YES Energy's actions in its dealings with the Class violated the Maryland Consumer Debt Collection Act, Md. Code Ann., Com. Law §§ 14-201 et seq. ("MCDCA");

(g) Whether YES Energy's actions in its dealings with the Class violated the Maryland Consumer Protection Act, Md. Code Ann., Com. Law §13-101 et seq. ("CPA");

(h) Whether YES Energy's actions in its dealings with the Class entitle Plaintiff and the Class to restitution.

90.   The claims of the Plaintiff are typical of the claims of the respective members of the Class within the meaning of Md. Rule 2-231(b)(3), and are based on and arise out of similar facts constituting the wrongful conduct of YES Energy.

91.   Plaintiff will fairly and adequately protect the interests of the Class within the meaning of Md. Rule 2-231(b)(4). Plaintiff is committed to vigorously litigating this matter. Further, Plaintiff has secured counsel experienced in handling consumer class actions and complex consumer litigation.

92.   Neither Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue this action.

93.   The prosecution of separate actions by individual members of the Class would create a risk of establishing incompatible standards of conduct for YES Energy within the meaning of Md. Rule 2-231(c)(1)(A).

94.   YES Energy's actions are generally applicable to the Class as a whole, and Plaintiff seeks declaratory relief with respect to the Class as a whole within the meaning of Md. Rule 2-231(c)(2).

95.   Common questions of law and fact enumerated above predominate over questions affecting only individual members of the Class and a class action is the superior method for fair and efficient adjudication of the controversy within the meaning of Md. Rule 2-231(c)(3).

96.     The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation, and due to the relatively small amounts of individual damages for Class members.

97.     Plaintiff's counsel are experienced in class actions, and foresee little difficulty in the management of this case as a class action.

## Causes of Action

### Count One

### Declaratory Relief under Md. Cts. & Jud. Pro. § 3-406

98.     Plaintiff re-alleges and incorporates by reference the allegations set forth above as if fully set forth herein.

99. This claim for declaratory relief is brought under the Maryland Declaratory Judgment Act, Md. Code Ann., Cts. & Jud. Pro. § 3-406, to settle and obtain relief from uncertainty and insecurity with respect to the rights, status and legal relations regarding Plaintiff and members of the Class and YES Energy, and under MCALA, Md. Code Ann., Bus. Reg. § 7-101 *et seq.*

100.     YES Energy takes the position that it was entitled to undertake the actions alleged herein in its dealings with Plaintiff and members of the Class even though it was not licensed as a collection agency under MCALA.

101.     Plaintiff takes the position that YES Energy was required to be licensed as a collection agency under Md. Code Ann., Bus. Reg. §§ 7-101 at the time it engaged

in the activity alleged in this Complaint.

102.   Plaintiff and members of the Class have received collection notices from YES Energy demanding payment of the amounts alleged in this Complaint, including amounts charged for alleged rent and utility charges, as well as amounts charged as Administration Fees for YES Energy's actions as a collection agency.

103.   This presents an actual, judicable controversy between the parties relating to the actions by YES Energy in its dealings with Plaintiff and members of the Class, relating to the application of MCALA to those actions, and relating to the legitimacy of charges assessed as a result of those actions. In particular, YES Energy has acted as a collection agency with respect to Class members. Its actions as a collection agency include assessing and billing charges to Class members for alleged rent and utilities, as well as Administration Fees, when YES Energy was not entitled to assess or those charges, or to be paid Administration Fees for its actions as a collection agency, because it did not have the license required to act as a collection agency under MCALA.

104.   Plaintiff and members of the Class have a right to be free from the charges assessed against them through YES Energy's unlawful actions, and to be free from the consequences of YES Energy's unlawful activity as a collection agency when it had no collection agency license.

105.   A declaration of the rights of the parties is necessary to resolve the parties' respective rights under the MCALA and the MCDCA. For example, Plaintiffs and the Class are entitled to a declaration that YES Energy is a collection agency, which must

31

be licensed under MCALA, and which may not charge fees for unlicensed collection agency activity to, or retain such fees from, Plaintiff and Class members.

## Count Two

### Violation of the Maryland Consumer Debt Collection Act

106.   Plaintiff re-alleges and incorporates by reference the allegations set forth above as if fully set forth herein.

107.   YES Energy, at all times relevant to the actions alleged herein, was a "collector" within the meaning of section 14-201(b) of the Maryland Consumer Debt Collection Act ("MCDCA"), because the alleged debts of Plaintiff and members of the Class which YES Energy sought to collect from them through the actions described herein arose from consumer transactions – i.e. the lease of residential real property and the use of alleged utilities for residential real property.

108.   In collecting and attempting to collect on the alleged debts of Plaintiff and members of the Class, YES Energy violated section 14-202 of the MCDCA.

109.   Among other things, YES Energy violated section 14-202(8) of the MCDCA when it claimed, attempted, or threatened to enforce a right with knowledge that the right does not exist. YES Energy claimed, attempted and threatened to enforce a right to act as a collection agency in its dealings with Plaintiff and members of the Class, when it had no such right. YES Energy knew that it was not licensed as a collection agency in Maryland. YES Energy knew that it had no right to act as an unlicensed collection agency in its dealings with Plaintiff

32

and members of the Class. YES Energy knew that it was acting as an unlicensed collection agency in its dealings with Plaintiff and the Class.

110.    In addition, YES Energy violated the MCDCA § 14-202(10) when it engaged in unlicensed debt collection activity in violation of the MCALA, as described in this Complaint.

111.    YES Energy's actions in violation of the MCDCA proximately caused damages to Plaintiff and members of the Class. As a direct and proximate result of YES Energy's method of collecting consumer debts in violation of Maryland law, and without a collection agency license, Plaintiff and other members of the Class were assessed and paid charges which they did not legally owe, including Administration Fees to compensate YES Energy for its illegal activity, which damaged Plaintiff and Class members.

112.    Plaintiff and Class members also suffered emotional distress and mental anguish resulting from YES Energy's illegal actions in violation of the MCDCA.

### Count Three

### Violation of the Maryland Consumer Protection Act

113.    Plaintiff re-alleges and incorporates by reference the allegations set forth above as if fully set forth herein.

114.    The Maryland Consumer Protection Act ("CPA") generally prohibits unfair or deceptive trade practices in, among other things, the collection of consumer debts. *See* Md. Code Ann., Com. Law § 13-303(5).

115.   The actions of YES Energy alleged herein constituted unfair or deceptive trade practices in the collection of consumer debts as defined by the CPA, and in taking those actions YES Energy violated the CPA.

116.   YES Energy's practice of engaging in the collection activity described in this Complaint, and seeking to collect consumer debt from Plaintiff and Class members, when YES Energy was not licensed or permitted to do so, constituted the failure to state a material fact where the failure deceives or tends to deceive. YES Energy's practice of assessing service charges attributed to YES Energy's illegal collection activity against the accounts of Plaintiff and Class members, and in bills sent to Class members demanding payment, constituted the failure to state a material fact where the failure deceives or tends to deceive.

117.   Moreover, the unfair or deceptive trade practices barred by the CPA specifically include the violation of the MCDCA. *See* Md. Code Ann., Com. Law § 13-301(14)(iii). YES Energy violated the MCDCA as alleged herein, thus also violating the CPA.

118.   Plaintiff and Class members sustained actual damages as a result of the actions in violation of the CPA and MCDCA alleged herein. Plaintiff and Class members were damaged by, among other things, the Administration Fees assessed and paid for YES Energy's illegal collection agency activity.

**Count Four**

**Money Had and Received**

34

119.   Plaintiff re-alleges and incorporates by reference the allegations set forth above as if fully set forth herein.

120.   YES Energy acted as a collection agency in its dealings with Plaintiff and members of the Class, when it lacked the license required to act as a collection agency.

121.   These actions of YES Energy were and are illegal.

122.   Any otherwise existing basis under which YES Energy would be entitled to any form of payment or compensation of any kind for acting as a collection agency, when it did not have a license to act as a collection agency, is nugatory and ineffective as YES Energy's collection agency activities in Maryland were in violation of Maryland law.

123.   As a result of YES Energy's actions, YES Energy collected money, resulting from the charges which it unlawfully assessed to Plaintiff and Class members, to which it had no legal or equitable right.

124.   YES Energy, for example, collected and retained money which was paid by Plaintiff and Class members for the charge denominated as for service fees in the bills YES Energy sent to them.

125.   As a result of the actions alleged above, YES Energy obtained possession of money which, in equity and good conscience, it ought not to be allowed to retain and should return to Plaintiff and other Class members.

### Count Five

### Negligence

126.   Plaintiff re-alleges and incorporates by reference the allegations set forth

above as if fully set forth herein.

127.   YES Energy had a duty to Plaintiff and members of the Class to not send them bills and act as a collection agency, when it did not have the license to act as a collection agency required under Maryland law.

128.   YES Energy breached its duties of care to Plaintiff and members of the Class when it acted as a collection agency in its dealings with them, and when it did not have the license to do so.

129.   Plaintiff and members of the Class have suffered actual losses and damages as the result of the conduct of YES Energy. Among other things, Plaintiff and members of the Class have been assessed and forced to pay amounts for Administration Fees to pay YES Energy for its unlawful actions as a collection agency. These damages, losses and injuries were proximately caused by the breaches of duty of YES Energy, as Plaintiff and Class members would not have paid service fees for YES Energy's unlicensed and unauthorized actions absent YES Energy's breaches of duty.

## Count Six

## Unjust Enrichment

130.   Plaintiff re-alleges and incorporates by reference the allegations set forth above as if fully set forth herein.

131.   Plaintiff and members of the Class conferred a benefit upon YES Energy by paying amounts billed to them in the bills sent by YES Energy, amounts from which YES Energy took a portion of the payment.

36

132.   YES Energy knew of the benefit conferred upon it by Plaintiff and the members of the Class. YES Energy affirmatively demanded in its bills that Plaintiff and members of the Class pay amounts including, among other things, Administration Fees for YES Energy.

133.   It would be inequitable for YES Energy to retain the amounts that it has received in connection with the collection activity directed to Plaintiff and Class members, as those amounts were paid to YES Energy as a result of its unlawful activity described in this Complaint, and were not legally owed to YES Energy and could not legally be collected by YES Energy.

WHEREFORE, Plaintiff respectfully requests:

A.    a declaratory judgment under Md. Cts. & Jud. Pro. § 3-406, declaring the rights of the parties, including a declaration that YES Energy is legally required to be licensed as a collection agency under Md. Code Ann., Bus. Reg. §§ 7-101 when undertaking the activities alleged in this Complaint, and that YES Energy may not collect or retain fees from Plaintiff or other Class members for collection agency activity undertaken without a collection agency license;

B.    recovery of compensatory damages in an amount determined by a jury, including all amounts paid by Class members for Administration Fees in connection with the bills sent by YES Energy to Plaintiff and other Class members, damages for emotional distress and mental anguish,

37

disgorgement and restitution of all benefits received by YES Energy in connection with its bills to Plaintiff and Class members as a result of the activities alleged in this Complaint, reasonable attorney's fees pursuant to Md. Code Ann., Com. Law § 13-408(b), and the costs of this action, all in an aggregated sum in excess of $75,000.00 for the proposed Class as a whole; and,

C.    such other and further relief as the nature of this case may require.

Respectfully submitted,

_____

Benjamin H. Carney (Att'y No. 0412140132)
bcarney@GWCfirm.com
GORDON, WOLF & CARNEY, CHTD.
100 West Pennsylvania Ave., Suite 100
Towson, Maryland 21204
Telephone: (410) 825-2300
Facsimile: (410) 825-0066

**Attorney for Plaintiff and the Class**

38

## JURY TRIAL

Plaintiff demands a trial by jury on all issues triable of right by a jury.

_____
Benjamin H. Carney

2021 OCT -4  PM 4:02
FILED
CLERK OF COURT
CLERK'S OFFICE
MONTGOMERY CO. MD

## Rule 16-308(c) Request for Assignment to B&T Track 6

This case is a consumer class action challenging alleged unlicensed collection agency activity of a large out-of-state technology company. As discussed below, it satisfies the Rule 16-308(c) factors for assignment to the Business and Technology Program (the "Program"):

**(1)      The nature of the relief sought.**

The Maryland Business and Technology Task Force Report (the "Report") recommended that eligibility for assignment to the Program be restricted to complaints "seeking compensatory damages totaling $50,000.00 or more. . .." Report, p.8 part VI.B.1.a.  The present case meets this requirement.  Although the exact size of the Class and exact amount of damages recoverable in this case are unknown, the Complaint seeks to recover damages on behalf of a Class of numerous Maryland consumers, where aggregated damages are expected to exceed $75,000. *See* Complaint *ad damnum* clause. In addition, the Complaint requests declaratory judgment on Defendant's statutory obligations under the Business Regulations Article. Accordingly, the nature of the relief sought weighs in favor of assigning this case to the Program.

**(2)      The number and diverse interests of the parties.**

With respect to this factor, the Report determined that the Program was appropriate for cases involving business entities, as well as individuals "if involved in a dispute appropriate for Program designation."  Report p. 8 part VI.B.1.  The Task Force Report further found that "commercial class actions" "should presumptively be assigned to the Program." *Id.* at pp. 8-9, part VI.B.1.b. (emphasis added).  The present case meets this requirement, as it involves a large business entity, arises from that entity's commercial activity, and is a proposed commercial class action. This factor likewise weighs in favor of assignment to the Program.

**(3)      The anticipated nature and extent of pretrial discovery and motions.**

This class action case will involve complex motions practice, including a motion for class certification under Md. Rule 2-231. The complex nature of the class-action proceedings, and the significant discovery this proceeding will entail, weighs in favor of Program assignment.

**(4)      Whether the parties agree to waive venue for the hearing of motions and other pretrial matters.**

Plaintiff does not anticipate that this will be an issue in this case.

**(5)      The degree of novelty and complexity of the factual and legal issues presented.**

This case presents complex legal issues.  Among other things, this case involves alleged violations of Maryland's Unfair and Deceptive Trade Practices Act ("UDAP"), rendering it a case which should be "presumptively assigned to the Program." Report pp. 9 part VI.B.1.b(x).  The complex nature of the case also supports Program assignment, as noted above.

**(6)      Whether business or technology issues predominate over other issues presented in the action.**

Business and technology issues predominate over other issues in this case.  As discussed above, the Program is designed to accommodate commercial class actions, as well as cases asserting claims under the UDAP.  As the issues in this case will focus on class certification issues as well as the UDAP, issues that the Program was designed to address are the focus of this case.

**(7)      The willingness of the parties to participate in ADR procedures.**

Plaintiff is willing to explore participation in mediation.

# FILED

OCT 0 4 2021

Cle... .. ... ... .nt Court
Montgomery County, Md.