**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| MONICA SULLIVAN, individually, and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 8:22-cv-00418-TDC |
| v. | ) ) | |
| YES ENERGY MANAGEMENT, INC., and YARDI SYSTEMS, INC., | ) ) ) | |
| Defendants. | ) ) | |

## SETTLEMENT AGREEMENT
## AND RELEASE OF ALL CLAIMS

This Settlement Agreement and Release of All Claims ("Agreement") is entered into by and among Plaintiff Monica Sullivan ("Representative Plaintiff"), acting individually and on behalf of the Class defined below, and Defendants YES Energy Management, Inc. ("YES Energy"), and Yardi Systems, Inc. ("Yardi") (collectively, the "Defendants"), by and through their authorized counsel, in the above-captioned lawsuit. Collectively, Representative Plaintiff and Defendants shall be referred to as the "Parties."

## RECITALS

A.    YES Energy is a Colorado corporation that provides, among other services, third-party billing services to residential housing providers.

B.    Yardi is a property management software company, headquartered in California, whose customers license Yardi's property management software and other sophisticated and highly customizable software such as RentCafe, which provides, among many other things, a wide variety of features and functions that allow prospective and current residential tenants to:

(1) submit rental applications online; (2) make maintenance requests; (3) communicate with their landlord; and (4) view their important rental documents, among other things.

C.      Representative Plaintiff filed this putative class action lawsuit in the Circuit Court for Montgomery County, Maryland, on October 4, 2021. Defendants removed the case to the United States District Court for the District of Maryland where the case is captioned, *Sullivan v. YES Energy Management, Inc., et al.*, No. 8:22-cv-00418-TDC (D. Md.) (the "Litigation").

D.      The Litigation was brought in part to challenge YES Energy's practices in sending invoices to Representative Plaintiff and Class Members on behalf of landlords in connection with their utility bill payments. The Litigation was also brought to challenge Yardi's online payment portal, which was available to some Maryland tenants as one method of making rent and rent-related payments online, and which Representative Plaintiff alleged was improper without Yardi having a collection agency license under the Maryland Collection Agency Licensing Act (the "MCALA").

E.      Representative Plaintiff's operative Complaint (the "Complaint"), asserts statutory claims for declaratory judgment under the Maryland Declaratory Judgment Act, Md. Code Ann., Cts. & Jud Pro. § 3-406; for violations of the Maryland Consumer Debt Collection Act, Md. Code Ann., Com. Law §§ 14-201 *et seq.*; for violations of the Maryland Consumer Protection Act, Md. Code Ann., Com. Law §§ 13-101 *et seq.* ("MCPA"), and common law claims for Money Had and Received, Negligence, and Unjust Enrichment.

F.      Both YES Energy and Yardi filed motions to dismiss the Complaint. In its written opinion, 2022 WL 4777791 (D.Md. September 20, 2022), the Court: (A) denied YES Energy's motion to dismiss; and (B) denied, in part, and granted, in part, Yardi's motion; Plaintiff's claims

for a declaratory judgment and for a violation of MCPA § 13-303(5) were dismissed with prejudice.

G. The Parties have each conducted extensive research into the applicable facts and law relating to the practices challenged by Representative Plaintiff in this case. YES Energy and Yardi have also provided substantial information about the practices challenged in this case in connection with mediation.

H. The Parties' mediation efforts included three day-long, in-person, arms-length negotiations supervised by the Hon. Ronald B. Rubin (Ret.) which resulted in the settlement memorialized by this "Agreement." Judge Rubin's mediation efforts led to the ultimate terms of the settlement memorialized in this Agreement. The Parties agree that Judge Rubin may, at his discretion, make a statement or statements to the Court concerning the fairness, reasonableness, and adequacy of the Agreement based upon the mediation between the Parties.

I. The Parties to this Agreement recognize and acknowledge the benefits of settling this case. Class Counsel have taken into account the uncertain outcome and risks of the Litigation, as well as the difficulties and delays inherent in such litigation and the likelihood of protracted appeals.

J. Based upon (1) the facts that Class Counsel has learned in connection with this litigation; (2) Class Counsel's professional judgment and extensive experience bringing the Maryland common law and statutory claims in this Litigation and effectively representing claimants and lead plaintiffs in class actions; (3) the risks in further litigating Representative Plaintiff's claims relating to Yardi offering online payment options; and (4) the amount of relief expected to be obtained by Settlement Class Members, the Parties have agreed to settle this matter

with YES Energy and that Representative Plaintiff's individual claims against Yardi should not be pursued further and should be dismissed with prejudice.

K.      Class Counsel also have taken into account YES Energy's representation that it has conducted a reasonably diligent analysis of its profits during the Class Period in the state of Maryland, as well as YES Energy's assertion that it derived *de minimis* net profits in connection with the practices that are the subject of this Litigation.

L.      Representative Plaintiff and Class Counsel have determined that the settlement set forth in this Agreement is fair and reasonable and in the best interest of the Representative Plaintiff and the Settlement Class. Representative Plaintiff concurs in that determination and acknowledges that Representative Plaintiff is entering into the Settlement Agreement based on her own and Class Counsel's investigation and after consultation with Class Counsel.

M.      Defendants deny all allegations of wrongdoing and liability asserted in the Complaint, or of any liability whatsoever, expressly including that either YES Energy or Yardi is a debt collector under Maryland law or that either of the Defendants are required to maintain a collection agency license under the MCALA or otherwise, and maintain that Defendants have conducted their dealings with the Representative Plaintiff and all Settlement Class Members in a lawful manner in all respects. Defendants further deny that they made any material misstatements or omissions, that they acted with the requisite state of mind, that Representative Plaintiff or Settlement Class Members have suffered any damages, or that Representative Plaintiff was or Settlement Class Members were harmed by any conduct alleged in this Litigation or that could have been alleged therein. This Agreement, whether or not consummated, and whether or not approved by the Court, and any discussions, negotiations, communications, drafts, documents or agreements relating to the drafting or negotiation of this Agreement or the settlement or mediation

shall not be offered or received against or to the prejudice of Defendants for any purpose other than in an action regarding the terms of the Agreement, and in particular do not constitute, and shall not be described as, construed as or otherwise offered or received against Defendants as evidence of (or deemed to be evidence of) any admission, concession, or presumption by Defendants with respect to (i) the truth of any allegation in any complaint or amended complaint filed, or any amended complaint proposed to be filed, in this action; (ii) the validity of any claim that has been or could have been asserted in this Litigation or in any litigation or proceeding in any forum; (iii) the deficiency of any defense that has been or could have been asserted in this Litigation or in any other litigation or proceeding in any forum; or (iv) any liability, damages, negligence, fault or wrongdoing of YES Energy or Yardi whatsoever. Defendants maintain that they have a number of meritorious defenses to the Representative Plaintiff's claims, including but not limited to the defense that they were not acting as a collection agency and, therefore, were not obligated to maintain a collection agency license. Nevertheless, YES Energy and Yardi recognize the risks and uncertainties inherent in litigation, the significant expense associated with defending class actions, the costs of any appeal, and the potential disruption to their business operations arising out of this Litigation. Defendants also recognizes the benefits inherent in a class wide settlement. Accordingly, Defendants believe that settlement is likewise in their best interest.

N.      Class Counsel agrees to recommend that [Epiq] (hereinafter the "Settlement Administrator"), be appointed by the Court to serve as the Settlement Administrator. The Settlement Administrator is responsible to report both to the Court and to the Parties as more fully set forth in this Agreement. Defendants shall pay all costs and fees associated with the administration of the Settlement.

**NOW, THEREFORE**, in consideration of the mutual promises, representations and obligations of this Agreement and for other good and valuable consideration, the receipt and sufficiency of which the Parties to this Agreement now acknowledge, the undersigned Parties stipulate and agree to the resolution of the Representative Plaintiff and Settlement Class Members' claims against YES Energy and Yardi on the terms and conditions set forth below:

## TERMS AND CONDITIONS

O.  **Definitions**:

1.  "Administration Fee" means any fee on any invoice or the like sent by YES Energy to Plaintiff and each Settlement Class member that represented the "Administration Fee" for the payment of utilities or services utilized by the tenant during the period of the invoice, as that term is used in Representative Plaintiff's Complaint.

2.  "Authorized Claimant" means a Settlement Class Member who submits a Valid Claim by the Claims Deadline.

3.  "Claim Form" means the form, attached as Exhibit 1, through which a Settlement Class Member can submit a claim to receive money from the Settlement Fund.

4.  "Claims Deadline" is the date by which a Settlement Class Member must submit a Claim Form. The Claims Deadline is 180 days from the Notice Date.

5.  "Class Counsel" means Benjamin H. Carney and Richard S. Gordon of Gordon, Wolf & Carney, Chtd. "Lead Class Counsel" shall mean Benjamin H. Carney.

6.  "Class member" or "Settlement Class Member" means any person who falls within the Settlement Class (as defined below) and who fails to exclude himself or herself within forty-five (45) days after the date of the Class Notice (as defined below).

7. "Class Member List" means the list of Settlement Class Members compiled by Defendants pursuant to the Preliminary Approval Order.

8. "Class Notice" means the written explanation of the settlement that will be mailed to the Settlement Class by the Settlement Administrator (as defined below), the proposed form of which is attached hereto as Exhibits 2 and 3.

9. "Class Period" shall mean October 4, 2018, through and including the date of the Preliminary Approval Order.

10. "Court" shall mean the U.S. District Court for the District of Maryland.

11. "Effective Date" shall mean the later of: (i) the date of final approval of the Settlement, if no Class Member objects to or intervenes in the settlement; (ii) thirty (30) days after the date the Court finally approves the Settlement, if a Class Member objects to the Settlement but no appeal by a Class Member is filed; (iii) the date of the final affirmance on appeal if an appeal is filed; or (iv) the final dismissal of any appeal.

12. "Final Approval" shall mean that certain "Final Order and Judgment" as entered by the Court finally approving this Settlement, certifying the Settlement Class and dismissing with prejudice all claims raised in the Litigation.

13. "Notice Date" is the date the Class Notice is disseminated to Settlement Class Members.

14. "Notice of Proposed Class Action Settlement" shall mean the notice to Settlement Class Members approved by the Court in the Preliminary Order.

15. "Preliminary Approval Order" shall mean that certain Order entered by the Court, preliminarily approving the Settlement, provisionally certifying the Settlement

Class, and approving the proposed notices to Settlement Class Members, the proposed form of which is attached hereto as Exhibit 4.

16. "Preliminary Approval Date" shall mean the date the Preliminary Approval Order is signed.

17. "Released Parties" under this Agreement shall mean YES Energy and Yardi as further defined in paragraph O.14. below.

18. "Released Claims" shall mean and include any and all past and present claims, allegations, demands, actions or causes of action of every nature and description, whether known or unknown, fixed or contingent, asserted or unasserted, in law or in equity, in contract or in tort, whether arising under federal, state, common or foreign law or regulation, whether class or individual in nature, through the date of Final Approval, arising from the acts, facts, statements or omissions that were asserted or could have been asserted by Representative Plaintiff and Settlement Class Members in this Litigation against Defendants, their current and former parent corporations, direct and indirect subsidiaries, affiliates, predecessors, successors and assigns, related entities, and current and former directors, officers, employees, representatives, attorneys, heirs, administrators, executors, insurers, agents, clients, and the successors and assigns of any of them or any person or entity acting on their behalf or at the direction of them (the "Released Parties"), regarding YES Energy or Yardi's conduct at issue in the Litigation. The Released Claims do not include:  (i) any claims relating to the enforcement or violations of the Settlement; (ii) any claims of any person or entity that submits a request for exclusion that is accepted by the Court; or (iii) claims that could not have been

brought in this Litigation or do not share the same factual predicate as the claims that were asserted.

19. "Representative Plaintiff" shall mean Monica Sullivan, the plaintiff in the above-captioned Litigation.

20. "Settlement" means this Agreement and any amendments to this Agreement as finally approved by the Court.

21. "Settlement Class Member" or "Settlement Class Members" shall mean those Persons, either individually or collectively, who fall within the definition of the Settlement Class, who are listed on the Class Member List produced by YES Energy, and who do not elect to opt out of the Settlement Class.

22. "Settlement Fund" shall mean the sum which is being paid by Defendants to settle this class action, together with all interest accrued, attributed thereto or earned thereon. In no event shall Defendants' payment to settle the Litigation exceed $2,800,000, with the exception of Defendants' payment of costs to the Settlement Administrator and the payment of the Incentive Award.

23. "Valid Claim" means a Claim Form that a Settlement Class Member submits by the Claims Deadline and that includes all of the information reasonably required on the Claim Form. This information includes, but is not limited to: (1) name; (2) email address (if any); (3) any unique claimant ID code and/or other information required by the Settlement Administrator to confirm that the individual requesting the Settlement Payment is a Settlement Class Member; (4) the Settlement Class Member's mailing address; and (5) the Settlement Class Member's selection of

whether to receive the Settlement Payment in the form of a paper check or as an Electronic Payment.

P.  **Settlement Class**.  Solely for the purpose of this Settlement, the Parties hereby stipulate and agree that this lawsuit is maintainable as a class action under Fed. R. Civ. P. 23(b)(3):

1. The Settlement Class shall be defined as follows:

   All Maryland residents who paid an Administration Fee from (and including) October 4, 2018 through and including the Preliminary Approval Date.  Excluded from the Settlement Class are all employees, officers and directors of Yardi, YES Energy and their parent or subsidiary companies and predecessors and successors, and all employees of the Court.

2. Defendants rough estimate is that the Settlement Class includes approximately 72,000 persons.

3. Defendants and Representative Plaintiff agree solely for the purpose of this Settlement, and its implementation, that this Settlement may proceed as a class action and agree to the Class as defined in Paragraph Q.1 above.  If the Court fails to give Final Approval or this Agreement otherwise is terminated or cancelled, Defendants reserve all rights to object to the maintenance of the Litigation as a class action and any representation or concession made in connection with the Settlement, or in this Agreement, shall not be considered law of the case or any form of estoppel, waiver or any evidence whatsoever in this or any other proceeding.  If this Settlement is approved, no representation or concession made in connection with the Settlement or in this Agreement shall be considered to have res judicata or collateral estoppel effect against Defendants or to be an admission by Defendants or to give rise to any form of estoppel, preclusion or waiver by

10

Defendants or be any evidence whatsoever against Defendants in any other proceeding.

## PROCEDURES FOR EFFECTUATING SETTLEMENT

Q.     **Full and Final Settlement**.  It is the intent and purpose of this Agreement to effect a full and final settlement of the Representative Plaintiff's and the Settlement Class's claims against Defendants.  In order to effectuate that purpose, the Parties agree to cooperate and use reasonable efforts to obtain Court approval of the Settlement.

R.     **Class List.**  Defendants shall provide to the Settlement Administrator and Class Counsel, in an Excel format, a list of all reasonably ascertainable Settlement Class Members (the "Class List") within thirty (30) calendar days following entry of the Preliminary Approval Order. The Class List shall include the following information for each Settlement Class Member to the extent it is reasonably available: a) tenant name; b) tenant's last known physical address; c) tenant's last known E-mail address, if any; d) Administration Fees charged to the tenant, if known, or the number of bills sent by YES Energy; e) tenant move-in date, if known; and f) tenant move-out date, if known.  To the extent that Defendants are unable to obtain all of the data in the previous sentence for any particular Class member or subset of Settlement Class Members, Defendants, for each of such Class member, will provide Class Counsel and the Settlement Administrator with last known physical addresses of the properties that used relevant YES Energy services during the Class Period, and it will be up to the Settlement Administrator to obtain tenant lists from the property owner or manager in order to identify and provide notice to such potential Settlement Class Members, if any, or to otherwise run the last known physical addresses through third-party address lookup services (such as Lexis Nexis).  The Settlement Administrator shall use this information solely to identify the current physical address and/or E-mail address for the

Settlement Class Members for purposes of providing Settlement Notices to the Settlement Class Members, and neither YES Energy nor Yardi shall be responsible to the extent Class Counsel or the Settlement Administrator conclude that any such potential Settlement Class Members' current physical address and/or E-mail address is not readily ascertainable, in which case the Settlement Website described in paragraph W will serve as notice to those potential Settlement Class Members.

S.    **Class Information**.    Defendants agree to provide the Settlement Administrator and Class Counsel relevant data and information, to which it has reasonably non-burdensome and legal access sufficient to confirm the membership in the Class and the accuracy of the Class List. If an individual who is not on the Class List receives a notification regarding the Settlement before the Final Approval Hearing, and that individual notifies the Parties of the individual's desire to take part in the distribution from the Settlement Fund, the Parties will meet and confer regarding adding that individual to the Class List. If the Parties agree to add that individual to the Class List, he or she shall become a Settlement Class Member for all purposes under this Agreement. Class Counsel understands that there may be data privacy, data ownership, and other contractual and legal restrictions and regulations in various jurisdictions, including those in which Class Members may reside, and Defendants agree to use their reasonable best efforts to provide such data and information in a format, manner and protocol as reasonably defined by the Settlement Administrator, consistent with legal obligations, and as approved by the Parties. The Representative Plaintiff, Class Counsel, and Settlement Class acknowledge and agree that Defendants are providing the Class List to Class Counsel and the Settlement Administrator solely for the purpose of effecting the terms of this Settlement Agreement, and that the Class List (and information derived from the Class List) shall not be used, disseminated, or disclosed by or to any

other person for any other purpose. By creating the Class List, Defendants are not admitting liability with respect to the Settlement Class Members or that the Court could certify a class in a contested litigation posture. If the Settlement Agreement is terminated for any of the reasons identified in this Settlement Agreement, the Representative Plaintiff, Class Counsel, and Settlement Administrator shall immediately destroy any and all copies of the Class List and any materials substantially re-creating the information in the Class List.

T.      **CAFA Notices**.  Working with Defendants, the Settlement Administrator shall serve notices of the settlement on state and federal regulatory authorities as required by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA Notices").

U.      **Notice Order**.  Promptly after execution of this Agreement, the parties shall file a joint motion for preliminary approval of the settlement pursuant to Fed. R. Civ. P. 23(e), which shall request that the Court enter the Preliminary Approval Order attached as Exhibit 4.

## SETTLEMENT NOTICE AND ADMINISTRATION

V.      **Dissemination of Settlement Notices**.  As soon as practicable, but no later than twenty-five (25) business days after the receipt of the Class List, the Settlement Administrator shall send or cause to be sent by E-mail, or, by first-class United States Mail to Settlement Class Members for whom Defendants have not provided an E-mail address, to each person on the Class Member List a copy of the E-Mailed or Mailed Settlement Notice (Exhibits 2 and 3).  Before distributing the E-Mailed and Mailed Settlement Notices, the Settlement Administrator shall attempt to validate the E-mail addresses for Settlement Class Members provided by Defendants. In the event that a valid E-mail address is not available for a particular Settlement Class Member, the Settlement Administrator shall attempt to obtain a physical address update for the Settlement Class Member utilizing a National Change of Address database or other similar service which the

Settlement Administrator, in its reasonable discretion, may choose. If a notice is returned with a new forwarding physical address provided by the U.S. Postal Service, the Settlement Administrator will re-mail the notice to the new forwarding physical address. If a notice is returned without a forwarding physical address, the Settlement Administrator shall perform "skip trace" research to attempt to identify the Settlement Class Member's current physical address and then re-mail the notice to any such new physical address identified. If a second notice is sent to a Settlement Class Member and returned undeliverable, no further notice need be sent by the Settlement Administrator. To facilitate the Settlement Administrator's "skip trace" research, Defendants will use its reasonably best efforts to provide the Settlement Administrator with the last known physical address where Settlement Class Members received an invoice from YES Energy to the extent that information is known to Defendants.

W. **Settlement Website**. To facilitate the efficient administration of this Settlement, and to promote compensation pursuant to this Settlement, the Settlement Administrator, under the direction and supervision of Class Counsel, shall establish a Settlement Website that enables Settlement Class Members to read the Long Form Settlement Notice (attached as Exhibit 5) and this Agreement. The Settlement Administrator shall establish the Settlement Website as soon as practicable but not later than the date that the Notice is sent or transmitted to the Class consistent with this Agreement. The Settlement Website shall explain that Settlement Class Members may opt out, as well as the manner and deadline for doing so. The Settlement Administrator shall maintain the Settlement Website, with appropriate updates, until the earlier of: (1) the termination or cancellation of this Agreement; or (2) such time as all checks issued to Settlement Class members as a result of this Agreement have expired. The Settlement Administrator shall cause

the Website to be taken down and to the extent feasible not visible within ten (10) days after notice of the occurrence of either event.

X.      The Parties agree that the Settlement Notice and Settlement Website provide information sufficient to inform Settlement Class Members of the essential terms of this Agreement, appropriate means for obtaining additional information regarding the Agreement and the Litigation, appropriate information about the procedure for challenging or excluding themselves from the Settlement, if they should wish to do so, and appropriate means for and information about compensation pursuant to the Settlement. The Parties also agree that the dissemination of the Settlement Notice in the manner specified in this Agreement and the attached Preliminary Approval Order satisfies the notice requirements of due process and Fed. R. Civ. P. 23.

Y.      Within ninety (90) days after the Preliminary Approval Date, the Settlement Administrator shall provide the Parties with a declaration of compliance with this plan of notice, including a statement of the number of persons to whom the Settlement Notice was mailed and the number of exclusions the Settlement Administrator received. The declaration shall be filed with the Court.

Z.      **Class Relief**.

    1.   **Settlement Fund.**

        a.   **Deposit of Settlement Fund**. Within ten (10) calendar days after the Preliminary Approval Date, YES Energy agrees to wire transfer a sum equal to two million, eight-hundred thousand dollars ($2,800,000) in resolution of all claims asserted in this Litigation, which is inclusive of any claims for costs and/or attorneys' fees ("Settlement Amount"), to an interest-bearing depository

account under the control of the Settlement Administrator, with the account number and wiring instructions being provided to Defendants within seven (7) calendar days after the Preliminary Approval Date. Defendants will issue any applicable information returns (e.g., IRS Form 1099) in connection with the payment of the Settlement Amount in due course. The account into which the Settlement Fund is deposited will require the signature of the Settlement Administrator to authorize the release of funds. Except as agreed to by the Parties, in the event that the Court does not grant Final Approval of this Settlement, or the Agreement is terminated or cancelled, the Settlement Administrator shall within five (5) days after the denial of Final Approval, termination, or cancellation, wire transfer the Settlement Fund and all accrued interest to an account designated by Defendants without any further action by the Court.

b. **Contribution of Settlement Fund**.

    i. **Attorneys' Fees and Costs.** Payment of Class Counsel's attorneys' fees and costs, as approved by the Court, shall be made from the Settlement Fund within ten (10) calendar days of the Effective Date. Defendants are aware that Class Counsel intends to move for an award of attorneys' fees of 33% of the Settlement Fund and costs. Class Counsel must file its motion seeking an award of attorneys' fees and costs, if at all, within sixty (60) days of Preliminary Approval. Class Counsel acknowledges

that Defendants reserve the right to oppose Class Counsel's motion seeking an award of attorneys' fees and costs.

ii. **Eligibility for Settlement Payment.** The net balance of the Settlement Fund remaining after the subtraction of the Court approved attorneys' fees and costs may be transferred to another escrow account maintained by the Settlement Administrator for the purposes of distribution. Subject to Court approval, each Authorized Claimant shall be entitled to receive a Settlement Payment. Described below are the administrative procedures that will apply to determine eligibility.

1. There are two avenues through which a Settlement Class Member may submit a Claim Form: (1) electronically through the Settlement Website; or (2) through a paper submission.

2. For electronic submission, the Settlement Administrator shall establish a designated page of the Settlement Website on which the Claim Form may be completed and submitted electronically, and which will permit a click through electronic signature. An electronic receipt and confirmation number shall be displayed following the electronic completion of the Claim Form. A Claim Form submitted electronically through the Settlement Website shall be considered complete when each item of information

required for a Valid Claim has been completed and an electronic receipt displayed.

3. The Settlement Administrator shall establish a printable Claim Form on the Settlement Website that consumers can print out and submit in paper form. A Claim Form submitted other than through the Settlement Website shall be considered complete when each item of information required for a Valid Claim is entered in writing and the Claim Form is postmarked or delivered to the Settlement Administrator.

4. In order to make a Valid Claim, a Settlement Class Member must submit a Claim Form that provides the Settlement Class Member's name, email address (if any), and any unique claimant ID code and/or other information required by the Settlement Administrator to confirm that the individual requesting the Settlement Payment is a Settlement Class Member. In addition, a Valid Claim requires the Settlement Class Member's mailing address and selection of whether to receive the Settlement Payment in the form of a paper check, or an electronic debit or gift card (electronic debit or gift cards are "Electronic Payments.")

5. The Settlement Administrator shall implement procedures to review each Claim Form submitted to determine whether the submission is a Valid Claim. This shall include verification that

the individual submitting the Claim Form is a Settlement Class Member. Claim Forms submitted by persons who are not Settlement Class Members shall be rejected, and shall not constitute Valid Claims.

6. In order to be considered a Valid Claim, the Claim Form must be complete and submitted no later than the Claims Deadline. The Class Notice shall specify this deadline and other relevant dates described herein.

7. The Settlement Administrator's determination of the validity or invalidity, and timeliness, of a Claim Form shall be final and binding. The Settlement Administrator must make this determination within fourteen (14) days of receiving the Claim Form at issue. No person shall have any claim against the Settlement Administrator, Plaintiff, or Plaintiff's Counsel based on determinations of Valid Claims or distributions of benefits to Settlement Class Members.

iii. **Distribution of Settlement Payments.**

1. Payments to Authorized Claimants shall be made from the Settlement Fund, after the adjustments to the Settlement Fund described above. Each Authorized Claimant shall be entitled to a *pro rata* payment from the Settlement Fund (defined above as the "Settlement Payment"), in accordance with a formula established by the Settlement Administrator which will result in

the *pro rata* distribution of the Settlement Fund in proportion to the amount of administration fees charged to the Authorized Claimant submitting a Valid Claim as compared to the total amount of administration fees charged to all Authorized Claimants. While YES Energy has information about the exact amount of Administration Fees charged for those Settlement Class Members who made direct payments to YES Energy, it does not have access to the exact amount of payments of Administration Fees by Settlement Class Members who did not make direct payments to YES Energy, but instead made payments of Administration Fees to another party (such as their landlord or property manager).

2. To the extent that Defendants can identify the precise Administration Fees paid by any particular Settlement Class Member, that information shall be included on the Class List, and the Web Claim Form for that particular Settlement Class Member shall be pre-populated with the amount of Administration Fees paid.

3. To the extent Defendants cannot identify the precise fees paid by any particular Settlement Class Member, it will be presumed for purposes of this Agreement and calculating a *pro rata* share that any such Settlement Class Member paid an Administration Fee for twelve (12) months during the Class Period at a rate of

$4 per month *(($48 / Administration Fees Charged) x Settlement Fund = Gross Settlement Class Member Payment)* (the "Payment Floor"). The Parties recognize that such a formula could result in an over or under payment to Settlement Class Members who had shorter or longer term leases, but anticipate that scenario would involve a relatively small portion of the Settlement Class. Moreover, because Settlement Class Members will receive notice to their last known physical address or last known E-mail address, or via another method to attempt to reach any potential Settlement Class Member who could not be identified by name, the Settlement Class Members will be provided the option in the Claim Form to attest to whether they paid additional fees beyond the Payment Floor by providing to the Settlement Administrator information regarding same. Such information offered to the Settlement Administrator will be subject to the satisfaction of the Parties and the Settlement Administrator.

4. Settlement Class Members who are not Authorized Claimants shall not receive a payment under the Settlement.

iv. **Form of Settlement Payments.**

1. The Settlement Payment to each Authorized Claimant shall be in the form of a check or an Electronic Payment. Initial Settlement Payments shall be issued to Settlement Class

Members by the Settlement Administrator on a date that is forty-five (45) days after the Claims Deadline.

2. For Authorized Claimants for whom the Settlement Administrator has a valid email address, the Settlement Administrator shall notify those individuals that requested an Electronic Payment to provide them a reasonable opportunity to update their electronic payment information (or request payment by check) prior to disbursement of the Settlement Payment. Once that period has expired and the Settlement Administrator issues payment to the Authorized Claimant using the confirmed electronic payment information, no reissuance of the electronic payment may be requested.

3. For Authorized Claimants who elect to receive a Settlement Payment by check, paper checks in the amount of the Settlement Payment will be mailed. All settlement checks shall be void one-hundred twenty (120) days after issuance and shall include language to that effect. If a check issued to an Authorized Claimant cannot be used for any reason (for example, the check is lost) the Authorized Claimant shall have until one hundred twenty (120) days after issuance of the initial check to request re-issuance. After one hundred twenty (120) days from the

issuance of the initial check to an Authorized Claimant, requests for re-issuance shall not be honored.

4. In the event that the funds in the Settlement Fund are not fully exhausted after all initial Settlement Payments have expired and become void, due to uncashed checks or otherwise, the Settlement Administrator shall calculate whether the remaining funds are sufficient to make a second distribution of $5.00 or more to Participating Settlement Class Members. The Settlement Administrator shall make this calculation pursuant to the following formula:

$$\frac{(Remaining\ Settlement\ Fund)}{Participating\ Settlement\ Class\ Members}$$

$$= Amount\ for\ Potential\ Second\ Distribution$$

If the Potential Second Distribution Payment equals or exceeds $5.00, Participating Settlement Class Members shall be entitled to receive that amount from the Settlement Fund. If the Potential Second Distribution Payment is less than $5.00, then Participating Settlement Class Members shall not be entitled to receive the Potential Second Distribution Payment.

5. The Potential Second Distribution Payment, if any, shall be in the form selected by Participating Settlement Class Members in their Claim Form, unless the Participating Settlement Class Member had initially requested the first payment by check and wishes to switch to an electronic form of payment. Second

Distribution Payments, if any, shall be issued to Participating Settlement Class Members by the Settlement Administrator within forty-five (45) days after making the calculations required under this subparagraph. All checks for Potential Second Distribution Payments shall be void one-hundred twenty (120) days after issuance and shall include language to that effect. If a Potential Second Distribution Payment check issued to an Authorized Claimant cannot be used for any reason (for example, the check is lost) the Authorized Claimant shall have until one hundred twenty (120) days after issuance of the Potential Second Distribution Payment check to request re-issuance. After one hundred twenty (120) days from the issuance, requests for re-issuance shall not be honored.

6.  The Settlement Administrator shall set up the account for receipt of the Settlement Fund in a manner that maximizes tax benefits, and minimizes any tax detriment, for Defendants, Representative Plaintiff, and the Settlement Class Members. The Settlement Administrator shall timely make any elections and filings that are required to maintain the account in compliance with laws related to taxation. The Parties agree that any taxes (including any estimated taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund. Taxes and tax expenses related to the

Settlement Fund shall be timely paid by the Settlement Administrator out of the Settlement Fund without prior order from the Court, and the Settlement Administrator shall be obligated to withhold from distribution any funds necessary to pay such amounts.

c. **Unclaimed Settlement Payments**.  All payments that are unclaimed by Settlement Class Members shall revert to the Settlement Fund, and be distributed to the *cy pres* recipient(s) as described in this Agreement.

d. **Cy Pres**.  Any residue of the Settlement Fund remaining for any reason, including checks that are not negotiated or are returned and remain undeliverable after 180 days following the mailing of the checks to class members, shall form a *cy pres* fund which shall be donated, with the approval of the Court, to the Maryland Food Bank (https://mdfoodbank.org/)  (the "Cy Pres Recipient"). The Cy Pres Recipient was selected by the Hon. Ronald B. Rubin, the parties' mediator, with approval from the Parties.  With the Court's approval, the Settlement Administrator shall send the residue of the Settlement Fund to the Cy Pres Recipient within ten (10) calendar days after all checks distributed to Settlement Class Members under this Agreement which have not been negotiated have expired and are void.

e. **Settlement Administrator's Accounting**.  As soon as practicable following the Settlement Administrator's calculation of payments to Settlement Class Members and any residue of the Settlement Fund to the Cy Pres Recipient, the Settlement Administrator will provide a summary accounting as to each

Settlement Class to counsel for the Parties (the "Accounting"), showing: (1) the total number of Valid Claims; (2) the total amount of Claim Payments represented by the Valid Claims; (3) the total number of invalid Claims, if any; the total amount to be distributed to each Settlement Class; and (4) the total amount to be distributed to the Cy Pres Recipient, if any.

2. **Attorneys' Fees/Incentive Payment Fund**.

   a. **Incentive Payment Fund**. In addition to the Settlement Fund, within ten (10) calendar days after the Preliminary Approval Date, Defendants agrees to wire transfer a sum equal to fifteen thousand dollars ($15,000) as an incentive fee for the Representative Plaintiff into an Incentive Payment Fund controlled by the Settlement Administrator. The account into which the Incentive Payment Fund is deposited will require the signature of the Settlement Administrator to authorize the release of funds. All interest accrued on the funds deposited under this section shall be added to the corpus of the Incentive Payment Fund. Except as otherwise agreed to by the Parties, in the event that the Court does not grant Final Approval of this Settlement, or the Agreement is terminated or cancelled, the Settlement Administrator shall within five (5) days after the denial of Final Approval, termination, or cancellation, wire transfer the Incentive Payment Fund and all accrued interest to an account designated by Defendants without any further action by the Court.

   b. **Contribution of Incentive Payment Fund**. Subject to Court approval of the incentive payment amount, the Settlement Administrator shall within thirty (30) days of the Effective Date wire transfer the approved incentive payment

amounts from the Incentive Payment Fund to the IOLTA escrow account of Gordon, Wolf & Carney, Chtd.

    c. **Attorneys' Fees**.  Within sixty (60) days of the entry of the Preliminary Approval Order, Lead Class Counsel shall file with the District Court a motion seeking attorneys' fees and/or costs, to be paid out of the Settlement Fund, that sets forth the total amount of any and all fees and/or costs requested by Class Counsel in connection with this Litigation.  Defendants are aware that Class Counsel intends to request a total of 33% of the Settlement Fund plus documented costs in the Litigation (the "Total Fees"), to be paid out of the Settlement Fund.  The Settlement Administrator shall wire transfer to the IOLTA escrow account of Gordon, Wolf & Carney, Chtd. the Total Fees awarded by the District Court within ten (10) business days following the Effective Date.  For the avoidance of doubt, the Total Fees shall be paid out of the Settlement Fund and not in addition to the amounts Defendants have agreed to pay into the Settlement Fund and Incentive Payment Fund provisions of paragraphs Z.1.a. and Z.2.a. under this Agreement.

AA.    **Cooperation**.  Defendants and Class Counsel shall cooperate with the Settlement Administrator to the extent reasonably necessary to assist and facilitate the Settlement Administrator in carrying out its duties and responsibilities.  Defendants and Class Counsel also shall reasonably cooperate with each other so that both sides may adequately monitor all aspects of this Agreement.

BB. **Mediation**.  The Parties agree that they shall mediate any dispute relating to the interpretation or implementation of this Agreement with the Hon. Ronald B. Rubin (the "Mediator") and that the Mediator's decision shall be binding.

CC. **Release**.  On the Effective Date, and in consideration of the payment of the Settlement Fund, the sufficiency of which is hereby acknowledged, the Representative Plaintiff and the Settlement Class members shall, without the necessity of any action whatsoever, be deemed to have fully, finally, unconditionally, and forever released, relinquished, and discharged all Released Claims against the Released Parties.

DD. **Covenant Not to Sue**.  As of the Effective Date, the Representative Plaintiff on an individual basis only, and not on behalf of any other Settlement Class member, covenants not to sue YES Energy or Yardi for the five (5) years following the Effective Date so long as its practices with respect to her do not materially change from the date of this Agreement.  If there is a dispute between the Parties regarding whether YES Energy or Yardi's practices with respect to Representative Plaintiff have changed materially, that dispute shall be resolved by the Mediator, whose determination shall be final and non-appealable.  This covenant not to sue shall not be construed to affect in any way to apply to any proceeding to enforce this Agreement.

### CONDITIONS OF SETTLEMENT

EE. **Opt-Out Option**.  Any potential Settlement Class member may elect to be excluded from this Settlement and from the Settlement Class by opting out of the Settlement Class. Any potential Settlement Class member who desires to be excluded from the Settlement Class must give written notice to the Settlement Administrator of the election to be excluded on or before the date specified in the Notice of Proposed Class Action Settlement.  If more than 10% of persons meeting the definition of Settlement Class Members submit timely and valid requests for exclusion

from the settlement as outlined herein, either party shall have the option, notwithstanding any other provisions of this Agreement, to terminate this Settlement Agreement, whereupon this Settlement Agreement shall be null and void and may not be used in this action or any other proceeding. The Settlement Administrator shall notify Class Counsel and Counsel for Defendants of the number of timely opt-outs seven (7) business days after the date specified in the Notice of Proposed Class Action Settlement. If either Party so elects, they shall give notice of such termination in writing to all Parties to this Agreement no later than ten (10) business days after receiving the list of persons who have requested exclusion from the Settlement Class as described above. If Defendants terminate this Agreement, Defendants shall be obligated to pay the Settlement Administrator for all costs and expenses incurred by the Settlement Administrator for work performed in connection with this Agreement up to the date of the termination of this Agreement.

FF. **Objections**. Any Settlement Class Member who has not previously opted-out in accordance with the terms above and who intends to object to this Settlement Agreement must file the objection in writing with the Clerk of Court no later than forty-five (45) calendar days following the Notice Date, and must concurrently serve the objection on Class Counsel and counsel for Defendants. The objection must include the following: (1) the Settlement Class Member's full name, address and current telephone number; (2) if the individual is represented by counsel, the name and telephone number of counsel, if counsel intends to submit a request for fees and all factual and legal support for that request; (3) all objections and the basis for any such objections stated with specificity, including a statement as to whether the objection applies only to the objector, to a specific subset of the class, or to the entire class; (4) the identity of any witnesses the objector may call to testify; (5) a listing of all exhibits the objector intends to introduce into evidence at the Final Approval Hearing, as well as true and correct of copies of such exhibits; and

(6) a statement of whether the objector intends to appear at the Final Approval hearing, either with or without counsel.

Any Settlement Class Member who fails to timely file and serve a written objection pursuant to this Settlement Agreement shall not be permitted to object to the approval of the settlement or this Settlement Agreement and shall be foreclosed from seeking any review of the settlement or the terms of the Settlement Agreement by appeal or other means.

GG.     **Dismissal of Lawsuit**.  The Representative Plaintiff shall file in the Litigation a Stipulation of Dismissal with Prejudice as to Defendants thirty (30) calendar days after the Effective Date of this Agreement, with no further payment of fees, costs or other expenses by Defendants other than as agreed in this Settlement Agreement.

HH.     **Approval of the Court**.  This Agreement is subject to receiving approval by the Court.  If the Court does not enter a Preliminary Order or grant Final Approval to this Agreement as written in all material respects, or if the Final Approval is not finally upheld after any appeals or remands therefrom in all material respects, then this Agreement shall be cancelled and terminated, unless counsel for both Parties, within ten (10) days from the receipt of a ruling or written notice of circumstances giving rise to termination, agree in writing either to extend the ten (10) day period or proceed.  Any dispute as to whether a failure to approve is material shall be determined by the Mediator, whose determination shall be final and non-appealable.

II.     **Termination of Agreement**.  Other than as expressly set forth elsewhere in this Agreement, this Agreement shall be terminable only upon (a) material breach, or (b) the mutual agreement of the Representative Plaintiff on the one hand, and Defendants on the other hand.  Moreover, either Party may terminate the Settlement Agreement if the Effective Date does not occur for any reason, including but not limited to the entry of an order by any court that would

require either material modification or termination of the Settlement Agreement. The failure of the Court or any appellate court to approve in full the request by Class Counsel for attorneys' fees and costs shall not be grounds for the Representative Plaintiff, the Settlement Class, or Class Counsel to cancel or terminate this Agreement. The failure of the Court or any appellate court to approve in full the request of the Representative Plaintiff for her Incentive Award shall not be grounds for the Representative Plaintiff, the Settlement Class, or Class Counsel to cancel or terminate this Agreement. If the Agreement is not finally approved, is not upheld on appeal, or is otherwise terminated for any reason, then the Settlement Class shall be decertified; the Settlement Agreement and all negotiations, proceedings, and documents prepared, and statements made in connection therewith, shall be without prejudice to any Party and shall not be deemed or construed to be an admission or confession by any Party of any fact, matter, or proposition of law.

JJ. **Effect of Termination of Agreement**. If this Agreement is terminated or cancelled as set forth herein, all of the Parties hereto shall be deemed to have reverted to their respective status as of the date of this Agreement, and they shall proceed in all respects as if this Agreement had not been executed and the related orders had not been entered, preserving in that event all of their respective claims and defenses in the Litigation.

KK. **Continued Stay of Proceedings**. Upon the execution of the Agreement, the parties shall promptly request that the District Court proceedings, other than those necessary to obtain final Court approval of the Settlement, be suspended.

## MISCELLANEOUS PROVISIONS

LL. **Amendments**. This Agreement may be amended or modified only by a written instrument signed by Class Counsel and Defendants.

MM.    **Entire Agreement**.  This Agreement constitutes the entire agreement among the Parties hereto, and no representations, warranties, or inducements have been made to any Party concerning this Agreement or its exhibits other than the representations, warranties, and covenants contained and memorialized in this Agreement or its exhibits.  Except as otherwise provided herein, each Party shall bear its own costs incurred in connection with this Litigation, including the preparation and performance of this Agreement.

NN.    **Representative Plaintiff's Authority**.    Class Counsel, on behalf of the Representative Plaintiff, are expressly authorized to take all appropriate actions required or permitted to be taken by the Representative Plaintiff pursuant to this Agreement to effectuate its terms and are also expressly authorized to enter into any modifications or amendments to this Agreement on behalf of the Representative Plaintiff.

OO.    **Counterparts**.  This Agreement may be executed in two or more counterparts.  All executed counterparts shall be deemed to be one and the same instrument.  Counsel for the Parties hereto shall exchange among themselves original executed counterparts, and a complete set of original executed counterparts shall be filed with the Court in connection with the motion to approve the settlement.  This Agreement is effective on the date of signature of the last signatory to the Agreement.  Facsimiles or Portable Document Format ("·pdf") images of signatures shall constitute acceptable, binding signatures for purposes of this Agreement.

PP.    **Confidentiality**.  This Settlement Agreement is not subject to confidentiality.  That notwithstanding, the Parties and their attorneys represent, warrant, and agree that all information elicited and exchanged during the mediation, including, without limitation, all information exchanged during mediation and in negotiating this Agreement, are and shall be treated as confidential ("Confidential Information"), unless such information (a) was publicly available at

the time of the filing of the Litigation, (b) was learned by Plaintiffs or Class Counsel from a non-confidential independent source, or (c) otherwise has been made part of the public record in this Litigation. Plaintiffs did not receive information from Yardi outside the mediation, other than what Yardi filed in the public record in this case. No Party, and no Party's agents, heirs, successors, attorneys, assigns, current or former parent corporations, direct or indirect subsidiaries, affiliates, predecessors, successors, related entities, or current or former directors, officers, or employees, shall disclose in any way, describe, or characterize the Confidential Information in connection with any other lawsuit, or to any other person or entity; except that the Parties are permitted to disclose, discuss, or reveal the terms, conditions, or amounts reflected in this Agreement (a) in a court proceeding to enforce the terms of this Agreement, (b) in a court proceeding insofar as such disclosure is explicitly and specifically required by court order, (c) pursuant to a subpoena to which such disclosure would be responsive, or (d) as required by any law or regulation applicable to the Parties, respectively, including, without limitation, as needed to complete a Party's tax returns or an IRS Form 1099, or as is necessary by Defendants in the regular course of their business. To the extent permitted by law or court order, prior to making any disclosure permitted by the above exceptions (a), (b) or (c) in this Paragraph, the disclosing Party shall notify the other Parties of such proposed disclosure. This Paragraph does not prohibit the disclosure of the fact that the Parties have amicably settled the Litigation. The Settlement Administrator will keep any information learned by it relating to the Class or Defendants confidential, unless provided to the Settlement Administrator with the expectation the information will be made public, or to the extent disclosure is called for in this Agreement, by the Court, or by agreement of the Parties.

Except as authorized herein and to effectuate this Settlement Agreement, the Parties and their counsel agree not to use any information or work product generated in the course of preparing

this Settlement Agreement, including without limitation any and all drafts of pleadings or motions or factual or investigative research, for purposes of any matter adverse or potentially adverse to the Parties, other than to enforce this Agreement. Class Counsel represents and warrants that they currently do not have any other clients—and have not met with any other potential clients—that would qualify as class members under the operative Complaint, other than the named Plaintiff. Class Counsel agree that this Agreement is fair, reasonable, and in the best interest of the Settlement Class. For that reason, Class Counsel has no present intention to represent any individual who submits a Request for Exclusion against the Released Parties, and this representation does not restrict Class Counsel's ethical duties and right to represent any future clients.

QQ.     **Binding Nature**. This Agreement shall be binding upon and inure to the benefit of the successors and assigns of the Parties hereto. Each Party and signatory to this Agreement represents that it freely and voluntarily enters into this Agreement without any degree of duress or compulsion.

RR.     **Construing Agreement**. This Agreement shall not be construed more strictly against one Party than another merely by virtue of the fact that it may have been drafted initially by counsel for one of the Parties. It is acknowledged that all Parties have contributed substantially to the preparation of this Agreement.

SS.     **Applicable Law**. All the terms of this Agreement shall be governed by and interpreted in accordance with the laws of the State of Maryland and applicable federal law.

TT.     **Advice of Counsel**. Each Party to this Agreement acknowledges that it has had the benefit of advice of competent legal counsel or the opportunity to retain such counsel with respect to its decision to enter into this Agreement.

UU. **Attorneys' Fees**.  Unless otherwise expressly set forth herein, each of the Parties shall bear its own attorneys' fees and costs  in connection with the matters set forth in the Agreement, including, but not limited to, the Litigation and the negotiation and preparation of this Agreement.

VV. **No Interpretation of Captions or Headings**.  The captions and headings within this Agreement are for ease of reference only and are not intended to create any substantive meaning or to modify the terms and clauses either following them or contained in any other provision of this Agreement.

WW. **Representations and Warranties**.  Subject to approval by the Court, Class Counsel represents and warrants that they are authorized to enter into this Settlement Agreement on behalf of Representative Plaintiff and all Settlement Class Members in this Litigation, that the settlement herein fully resolves all claims that were or could have been made against YES Energy and Yardi on behalf of Settlement Class Members in this Litigation, and that the Settlement Agreement is in the best interests of Representative Plaintiff and the Settlement Class Members.

XX. **Severability**.  If any provision of the Agreement or the application thereof is held invalid by a court, arbitrator, or government agency of competent jurisdiction, the Parties agree that such a determination of invalidity shall not affect other provisions or applications of the Agreement which can be given effect without the invalid provisions and thus shall remain in full force and effect or application.

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed by their duly authorized undersigned attorneys, who represent and warrant that they are fully authorized to execute this Agreement on behalf of the persons and entities indicated below.

**FOR REPRESENTATIVE PLAINTIFF AND SETTLEMENT CLASS**

DATED: 2/27/2024      BY: _Ben Carney_

Benjamin H. Carney, Lead Class
Counsel

**FOR DEFENDANTS**

**FOR YES ENERGY MANAGEMENT, INC.**

DATED: 2/27/2024      BY: _Brady M. Bustany_

Brady M. Bustany, Authorized
Representative

**FOR YARDI SYSTEMS, INC.**

DATED: 2/27/2024      BY: _Brady M. Bustany_

Brady M. Bustany, Deputy General Counsel